UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
CARMELIA RATLIFF,

                          Plaintiff,                  **COMPLAINT**

    -against-

                                       **JURY TRIAL DEMANDED**

NEW YORK CITY and UNIDENTIFIED POLICE
OFFICERS,

                          Defendant(s).
-----------------------------------------------------------X

14 CV 2542

JUDGE BUCHWALD

RECEIVED APR 10 2014 U.S.D.C. S.D.N.Y.

The plaintiff, complaining of the defendants, by her attorney, The Law Office of FRED LICHTMACHER P.C., respectfully shows to this Court and alleges:

## JURISDICTION

1    Jurisdiction is founded upon the existence of a Federal Question.

2    This is an action to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of rights, privileges, and immunities secured to plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States pursuant to 42 U.S.C. § 1983.

3    Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343(3 & 4).

4    Venue is appropriate pursuant to 28 U.S.C. §§ 1391 (b) (1 & 2).

## PARTIES

5    The plaintiff, CARMELIA RATLIFF (hereinafter "RATLIFF"), is a resident of the City, County and State of New York..

6    Upon information and belief, that at all times hereinafter mentioned, the defendant, CITY OF NEW YORK, (NYC) was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and that at all times relevant defendants UNIDENTIFIED POLICE OFFICERS were acting for, upon, and in furtherance of the business of their employer and within the scope of their employment.

7       Upon information and belief, that at all times hereinafter mentioned, defendants UNIDENTIFIED POLICE OFFICERS were employed by the defendant, NYC, as members of its police department.

8       Upon information and belief, that at all times hereinafter mentioned, the defendant, NYC, its agents, servants and employees operated, maintained and controlled the NEW YORK CITY POLICE DEPARTMENT (NYPD), including all the police officers thereof.

9       The NYPD, is a local governmental agency, duly formed and operating under and by virtue of the Laws and Constitution of the State of New York and the commissioner of the NYPD is responsible for the policies, practices and customs of the NYPD as well as the hiring, screening, training, supervising, controlling and disciplining of its police officers and civilian employees and is the final decision maker for that agency.

10      This action arises under the United States Constitution, particularly under the provisions of the Fourth and Fourteenth Amendments of the Constitution of the United States, and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code, Section 1983 as well as pursuant to the laws of the State of New York.

11      Each and all of the acts of the defendants alleged herein were done by the defendants, acting as state actors under the color of law.

12      A Notice of Claim was served on the Comptroller of the City of New York, on or about May 1, 2013.

13      To the present date, the City has apparently elected not to conduct plaintiff's deposition.

14      More than thirty days have elapsed since the service of the aforementioned Notice of Claim and adjustment or payment thereof have been neglected or refused.

15      The state claims in this cause of action are commenced within one year and ninety days of when these causes of action arose as to plaintiff and the federal claims are brought in a timely manner within three years of the date they accrued.

## STATEMENT OF FACTS

16     On and before February 17, 2013, plaintiff resided at and was a legal renter of the premises located at 140 West 129th Street, Apt. 4A, New York, New York 10027 (hereinafter "The Premises").

17     On February 17, 2013, at approximately at approximately 10:00 AM, plaintiff traveled to Hickory Hill Missionary Baptist Church located at 1200 Bryant Avenue in the City of New York, County of Bronx and State of New York, to participate in a day of church services after which plaintiff returned to The Premises at approximately 6:00 P.M.

18     Upon information and belief, at some point during the aforementioned time period when plaintiff was not at home, an unknown number of unidentified plain-clothes New York City Police Officers (hereinafter "UNIDENTIFIED POLICE OFFICERS") entered The Premises without plaintiff's permission or knowledge.

19     Upon information and belief the UNIDENTIFIED POLICE OFFICERS entered the Premises without a search warrant or an exigent circumstance.

20     Upon information and belief, UNIDENTIFIED POLICE OFFICERS searched the Premises and took $5,000.00 of plaintiff's money, without leaving a voucher.

21     To this date plaintiff's money has not been vouchered or otherwise accounted for.

## AS AND FOR A FIRST CAUSE OF ACTION
## VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO
## 42 U.S.C. § 1983 AND THE FOURTH AMENDMENT VIA
## ILLEGAL AND UNREASONABLY CONDUCTED SEARCH & SEIZURE
## OF PLAINTIFF'S PROPERTY

22     Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

23     The plaintiff's rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, in that plaintiff's residence was entered and searched without probable cause and in that the search was conducted unreasonably, resulting in unnecessarily damaged, destroyed and/or missing property.

24      The said illegal and unreasonably conducted search of The Premises was effected by defendants without authority of law and without any necessity and that the search was conducted maliciously and with reckless disregard to plaintiff's rights.

25      As a direct result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth Amendment of the United States Constitution being more particularly plaintiff's right to be free from an unreasonable search and the unreasonable seizure of her property.

26      By reason of the illegal search, the plaintiff was harmed pecuniarily in that plaintiff's money was taken and various items of her property were destroyed and in addition plaintiff was humiliated, emotionally distressed and made to feel insecure and uncomfortable in her home due to the illegal entry and unreasonable conducted search.

27      By reason of the aforesaid, the plaintiff has been damaged in a sum to be determined at trial, she is entitled to an award of punitive damages and attorneys' fees are appropriate pursuant to 42 U.S.C. § 1988.

### AS AND FOR A SECOND CAUSE OF ACTION
### VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO
### THE COMMON LAW OF THE STATE OF NEW YORK
### TRESPASS

28      Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

29      Plaintiff's rights have been violated under the common law of the State of New York, in that defendants trespassed upon plaintiff's private residence.

30      The said trespass was initiated by the defendants, their agents, servants and employees, without any legal justification and without probable cause in that the defendants gained access to plaintiff's private residence upon false pretenses and were not welcome or allowed upon the premises.

31    By reason of the trespass, plaintiff was subjected to pecuniary harms, great indignities, humiliation, anxiety, and was subjected to numerous other harms.

32    By reason of the aforesaid, the plaintiff has been damaged in a sum to be determined at trial.

### AS AND FOR A THIRD CAUSE OF ACTION
### VIOLATION OF PLAINTIFF'S FOURTH AMENDMENT RIGHTS
### BY THE CITY OF NEW YORK i.e.,
### MONELL CLAIM

33    Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

34    The plaintiff's rights have been violated under the Fourth Amendment to the United States Constitution as made applicable to the states via the Fourteenth Amendment by the defendant, NYC.

35    Defendants NYC as well as unidentified police officers who were supervisors and final decision makers as a matter of policy and practice, have with deliberate indifference failed to properly train, discipline, sanction and retrain police officers, despite their knowledge of the recurring problem of violations of the Constitutional rights of citizens by matters overtly similar to the instant matter, in spite of repeated complaints of similar behavior, and that there has been no meaningful attempt on the part of NYC to investigate or forestall further incidents.

36    The defendant NYC intentionally operates an ineffective Civilian Complaint Review Board, which operates for the purpose of wrongfully exonerating and failing to substantiate legitimate claims against officers.

37    The defendant NYC intentionally operates an ineffective Internal Affairs Department of the City's police department, which operates for the purpose of wrongfully exonerating and failing to substantiate legitimate claims against officers.

38    As a result of NYC's deliberate indifference to the ineffectiveness of the CCRB and IAB, the defendants, in the instant case, felt free to, and did in fact, violate the plaintiff's rights.

39    It is the routine practice of NYPD officers to enter the homes of minorities with less than

probable cause.

40    It is the routine practice of NYPD officers to unreasonably conduct searches, and in so doing they routinely damage, destroy and convert property without legal necessity to do so.

41    Despite being often alerted to the aforementioned recurring problems, the NYPD has remained deliberately indifferent to said problems and in so doing encouraged its officers to persist in these forms of illegal, unconstitutional behavior.

42    By reason of the aforementioned violations of plaintiff's constitutional rights, the plaintiff was subjected to great indignities, humiliation, embarrassment, anxiety, she was prevented from conducting her normal affairs of business, she was harmed pecuniarily and she was subjected to numerous other harms and that she was pecuniarily harmed.

43    By reason of the aforesaid, the plaintiff has been damaged in a sum to be determined at trial and she is entitled to an award of reasonable attorneys' fees pursuant to 42 U.S.C. §1988.

## AS AND FOR FOURTH CAUSE OF ACTION
## VIOLATION OF THE PLAINTIFFS' RIGHTS PURSUANT TO
## THE COMMON LAW OF THE STATE OF NEW YORK
## CONVERSION

44    Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

45    Plaintiff's rights have been violated under the common law of the State of New York, in that defendants committed the tort of conversion by the conversion of plaintiff's money, without her knowledge or consent.

46    The said conversion was initiated by the defendants, their agents, servants and employees, without any legal justification.

47    That by reason of the conversion, plaintiff was harmed pecuniarily, her property was destroyed and missing, her necessary affairs of business were interfered with and she was otherwise harmed.

48    That by reason of the aforesaid, the plaintiff has been damaged in a sum to be determined

at trial.

**WHEREFORE**, plaintiff demands judgment against the defendants in compensatory damages on all plaintiff's causes of action, in punitive damages on plaintiff's First cause of action along with reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 on plaintiff's First and Third causes of action, together with costs and disbursements of this action; a trial by jury of all issues involved in this complaint; and such other and further relief as this Court may deem just and proper under the circumstances.

Dated: April 10, 2014
      New York, New York

                                FRED LICHTMACHER (FL-5341)
                                The Law Office of Fred Lichtmacher, P.C.
                                Attorney for Plaintiff
                                The Empire State Building
                                350 5th Avenue Suite 7116
                                New York, New York 10118
                                (212) 922-9066

To:    Zachary Carter
        Corporation Counsel City of New York
        100 Church Street
        New York, New York 10007